CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 0 6 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT LEE TRENT,<br>Petitioner, | )<br>)   Civil Action No. 7:06CV00063<br>) |
| v. | )   **MEMORANDUM OPINION**<br>) |
| UNITED STATES OF AMERICA,<br>Respondent. | )   By: Hon. Jackson L. Kiser<br>)   Senior United States District Judge |

The petitioner, Robert Lee Trent, a federal inmate proceeding pro se, has filed a motion that the petitioner styles as a motion challenging subject matter jurisdiction under 28 U.S.C. § 1331. Having reviewed the motion, I believe that the motion should be construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Because the petitioner has already filed a § 2255 motion challenging the same convictions and/or sentence, the petitioner's motion must be dismissed as successive.

Court records indicate that on January 28, 1999, the petitioner was convicted of conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a). The petitioner was sentenced to a total term of imprisonment of 250 months. On November 2, 1999, the petitioner's convictions and sentence were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. The petitioner then filed a petition for writ of certiorari, which was denied by the United States Supreme Court on January 18, 2000. On November 22, 2000, the petitioner challenged his convictions and sentence in a § 2255 motion. The motion was denied on July 30, 2001. On May 16, 2005, the petitioner filed a second § 2255 motion, which was dismissed as successive.

In his present motion, the petitioner suggests that his sentence is invalid in light of the United

States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738, 543 U.S. 220 (2005). Because the petitioner's motion directly attacks his sentence, I conclude that the petitioner's motion must be construed as a successive § 2255 motion. As a successive § 2255 motion, the petitioner's motion falls under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to this statute, this court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255, ¶8. Since the petitioner has not submitted any evidence of having obtained certification from the Fourth Circuit to file a successive § 2255 motion, the petitioner's current motion must be dismissed.

In any event, the petitioner's § 2255 motion fails to state a claim upon which relief may be granted. The United States Court of Appeals for the Fourth Circuit recently held that the rule announced in Booker is "not available for post-conviction relief for federal prisoners ... whose convictions became final before Booker was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Since the petitioner's conviction became final on January 18, 2000, when his petition for writ of certiorari was denied, the rule announced in Booker offers him no ground for relief under § 2255.*

For the reasons stated, the petitioner's motion must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and

---

* Additionally, the court notes that the petitioner's motion is untimely. Section 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 29 U.S.C. § 2255, ¶ 6. Since the petitioner's conviction became final on January 18, 2000, he had until January 18, 2001 to file a § 2255 motion. The petitioner did not meet this deadline, and he does not allege facts demonstrating that he meets any of the conditions allowing for a later commencement of the one-year period of limitation. See 28 U.S.C. § 2255 ¶ 6.

2

counsel of record for the respondent, if known.

**ENTER**: This 6th day of February, 2006.

*Jackson L. Kiser*
Senior United States District Judge