CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 23 2006
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT LEE TRENT, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00063 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

The petitioner, Robert Lee Trent, a federal inmate proceeding pro se, filed this action as a motion challenging subject matter jurisdiction under 28 U.S.C. § 1331. Based on the nature of the petitioner's claims, I construed the motion as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.* By opinion and order entered February 6, 2006, the motion was dismissed as successive. The petitioner has now filed a motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (docket #6).

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." Rouse v. Nielsen, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991)).

---

* The petitioner suggested that his sentence is invalid in light of the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738, 543 U.S. 220 (2005).

In the present motion, the petitioner does not argue that an intervening change in the law has occurred or that previously unavailable evidence has now become available. Instead, the petitioner simply attempts to reargue the merits of his original claims. However, Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977). While the petitioner may disagree with the outcome of his case, such disagreement does not support a Rule 59(e) motion. See Hutchinson, 994 F.2d at 1082. Accordingly, the petitioner's motion to alter or amend judgment must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 23rd day of March, 2006.

Senior United States District Judge